**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| VIVIENNE SUTTON,<br><br>　　　　Plaintiff,<br><br>v.<br><br>FAIRMONT HEALTH SYSTEM INC., MRS. SHELTON, KESHA SMITH, CITY OF NEWARK, KENYATLA STEWART, JASON BUNCKLEY, LUIS ALESIO, WALTER BYRAM, PHIL MURPHY, JOSEPH BIDEN,<br><br>　　　　Defendants. | Civil Action No. 24-8861 (SDW) (SDA)<br><br>**WHEREAS OPINION**<br><br>October 21, 2024 |

**THIS MATTER** having come before this Court upon *pro se* Plaintiff Vivienne Sutton's ("Plaintiff") Complaint (D.E. 1 ("Compl.")) and accompanying application to proceed *in forma pauperis* (D.E. 1-1), and this Court having reviewed the Complaint for sufficiency pursuant to Federal Rule of Civil Procedure 8(a) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); and

**WHEREAS** a district court may allow a plaintiff to commence a civil action without paying the filing fee—that is, *in forma pauperis*—so long as the plaintiff submits an affidavit demonstrating she is "unable to pay such fees," but must dismiss a case that is frivolous, "fails to state a claim upon which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §§ 1915(a)(1), (e)(2)(B); *see Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021); and

**WHEREAS** Plaintiff's application to proceed *in forma pauperis* sufficiently demonstrates that Plaintiff cannot pay the filing fee because she is unemployed, homeless, and has no income sources. (D.E. 1-1 at 1, 5.) *See* 28 U.S.C. § 1915(a)(1); *Barrett v. Staff Mgmt. Grp., LLC,* No. 18-14062, 2018 WL 5874089, at *1 (D.N.J. Nov. 9, 2018) (granting the plaintiff's *in forma pauperis* application after finding she sufficiently established her inability to pay in light of her status as unemployed, homeless, and having no income); and

**WHEREAS** Plaintiff's Complaint is partially illegible but appears to allege she was discriminated against by Ms. Shawn, presumably one of Defendant Fairmont Health System Inc.'s ("Defendant" or "Defendant Fairmont") employees. (Compl. at 3.) Plaintiff alleges that Ms. Shawn "bullied" her as she filled out Defendant Fairmont's intake form by forcing her to sign for unnecessary toiletries and telling Plaintiff she could not bring her property into the facility. (*Id.*); and

**WHEREAS** Plaintiff asserts there is federal question jurisdiction because she is asserting claims under 28 U.S.C. § 1331 for violations of her freedom of religion, speech, and education, as well as discrimination on the basis of nationality, color, religion, sex, and financial status. (*Id.* at 2.) Plaintiff seeks five hundred million dollars in damages, complete access to Defendant Fairmont's facility, and for appropriate action to be taken against Ms. Shawn. (*Id.* at 4.); and

**WHEREAS** pursuant to Federal Rule of Civil Procedure 8(a) ("Rule 8"), "[a] pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The complaint must apprise the defendant with "fair notice of what the claim is and the grounds upon which it rests," containing "more than

labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

**WHEREAS** *pro se* complaints, although "[held] to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), must still "state a plausible claim for relief," *Yoder v. Wells Fargo Bank*, 566 F. App'x 138, 141 (3d Cir. 2014) (quoting *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013)); and

**WHEREAS** Plaintiff's Complaint fails to provide a clear statement of what her claims are, and the factual bases for them, such that the facts contained are insufficient to support a claim entitling Plaintiff to relief. *See* Fed. R. Civ. P. 8(a)(2); therefore

Plaintiff's application to proceed *in forma pauperis* is **GRANTED** and Plaintiff's Complaint is *sua sponte* **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff will be given thirty days to amend her Complaint; failure to do so may result in the matter being dismissed with prejudice. An appropriate order follows.

   /s/ Susan D. Wigenton\
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:      Clerk\
cc:         Parties\
            Stacey D. Adams, U.S.M.J.